D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN BROWNSTEIN & BRUNSWICK
IMAGING CORP.,

                        Plaintiffs,               **ORDER**
                                                     08 cv 4878(SJF)(ARL)

    -against-

HEMPSTEAD POLICE OFFICER "JOHN"
WALSH, individually, HEMPSTEAD POLICE
OFFICER "JOHN" GALVIN, individually,
HEMPSTEAD POLICE OFFICERS "JOHN"
DOE 1-10 (fictitiously named), individually,
THE INCORPORATED VILLAGE OF
HEMPSTEAD, LJS SCRAP METAL, INC.,
INTER-COUNTY TRANSPORT SERVICES,
INC., d/b/a LJS SCRAP METAL, and
SERVICE SCRAP METAL, INC.,

                        Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

On December 4, 2008, plaintiffs Steven Brownstein ("Brownstein") and Brunswick Imaging Corporation ("BIC" and, together with Brownstein, "Plaintiffs") commenced this action against defendants Hempstead Police Officer "John" Walsh, individually ("Walsh"), Hempstead Police Officer "John" Galvin, individually ("Galvin"), Hempstead Police Officers "John" Doe 1-10 (fictitiously named), individually, ("Doe 1-10" and, collectively with Walsh and Galvin, the "Individual Village Defendants"), the Incorporated Village of Hempstead, (the "Village" and, together with the Individual Village Defendants, the "Village Defendants"), LJS Scrap Metal, Inc. ("LJS"), Inter-county Transport Services, Inc., d/b/a LJS Scrap Metal ("Inter-county"), and Service Scrap Metal, Inc., ("Service Scrap" and, collectively with LJS and Inter-county, the "Service Scrap Defendants;" The Village Defendants and Service Scrap Defendants shall

collectively be known as "Defendants") asserting violations of 42 U.S.C. § 1983 ("Section 1983") and state law claims of conversion. On November 16, 2009, the Service Scrap Defendants filed a motion (1) to dismiss Inter-county and LJS as improper parties pursuant to Rule 21 of the Federal Rules of Civil Procedure, and (2) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On December 7, 2009, the Village Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. At this stage in the proceedings, this Court declines to convert the Village Defendants' motion to dismiss into one for summary judgment. See FragranceNet.com, Inc. v. Les Parfums, Inc., 672 F.Supp.2d 328, 330 (E.D.N.Y. 2009) (noting that "plaintiff is entitled to conduct discovery before making its presentation of evidence in response to any potential summary judgment motion"). For the reasons discussed below, Defendants' motions are granted in part and denied in part.

I.  Factual Allegations[1]

Brownstein is the principal owner of BIC. (Compl., at ¶ 14.) In December 2006, BIC owned an Ellis & Watts MRI trailer (the "MRI Trailer"), VIN #1NULT28Z1LMA0587, bearing the New Jersey equipment license plate UX-28. (Compl., at ¶ 15.) BIC purchased the MRI Trailer in 1999 for approximately one hundred twenty-six thousand, ninety-three dollars

---

[1] As is required on a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of Plaintiff. They do not constitute findings of fact by this Court.

($126,093). (Compl., at ¶ 16.) On December 3, 2006, the MRI Trailer was legally parked on Mirschel Street in Hempstead, NY. (Compl., at ¶ 17.) At that time, it contained various medical equipment having an approximate value of three hundred ninety three thousand dollars ($393,000), and was connected to a running generator bearing the New Jersey equipment license plate UX-28-1. (Compl., at ¶¶ 18-19).

Plaintiffs allege that on December 5, 2006, without notifying Plaintiffs, the Village Defendants impounded and towed the MRI Trailer from its Mirschel Street parking spot, and sold the MRI Trailer for scrap metal to the Service Scrap Defendants for the sum of six thousand six hundred dollars ($6,600). (Compl., at ¶¶ 20-26.) The Village Defendants contend that they were acting pursuant to Section 1224 of the New York Vehicle and Traffic Law (the "VTL"), which deems a vehicle "abandoned if left unattended for more than 48 hours after the parking of such vehicle shall have become illegal . . . ." N.Y. Veh. & Traf. Law § 1224(c) (McKinney 2006). (Memorandum of Law in Support of the Village Defendants' Motion to Dismiss ("Village Mem."), at 8.) The Service Scrap Defendants thereafter dismantled the MRI Trailer and disposed of its parts. (Compl., at ¶¶ 27-29.)

On July 5, 2007, Plaintiffs commenced a proceeding in the Supreme Court of the State of New York, County of Nassau, seeking permission to file a late notice of claim upon the Village. (Compl., at ¶ 30.) Although Plaintiffs' application was denied, on June 3, 2008, the Appellate Division, Second Department, subsequently reversed the Supreme Court's decision, granted Plaintiffs' application to serve a late notice of claim, and deemed the notice of claim served. (Compl., at ¶ 32.) The Village has refused to make any payments on the claim. (Compl., at ¶ 24.)

## II. Standard of Review

In deciding a Rule 12(c) motion, the same standard as applicable to a motion to dismiss under Rule 12(b)(6) is employed. Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). The standard of review is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081. See also Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). However, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S. Ct.1955, 167 L. Ed. 2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Ashcroft, --- U.S. ----, 129 S. Ct. at 1949, 173 L. Ed. 2d 868 (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, --- U .S. ----, 129 S. Ct. at 1949, 173 L. Ed. 2d 868.

In deciding a motion to dismiss, the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), *cert. denied*, 128 S. Ct. 2964, 171 L. Ed. 2d 906 (2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.

2002)). However, this standard "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, --- U.S. ----, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

In determining a motion to dismiss pursuant to Rule 12(c), the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-53.

III.   Analysis

   A.   Section 1983 Claims

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, "[i]n this Circuit personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983." Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991) (citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir.1989). The personal involvement of a defendant may be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

Plaintiffs allege that by impounding the MRI Trailer and its contents, and selling the MRI Trailer for Scrap without notice, the Village Defendants, including both Walsh and Galvin, "violated Plaintiffs' right to be free from illegal seizure as guaranteed under the 4th amendment to the United States Constitution" and deprived Plaintiffs of their substantive and procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution. (Compl., at ¶¶ 37, 72, 79).

1.  Fourth Amendment

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. In order to state a claim that a governmental act constitutes an unreasonable search in

violation of the Fourth Amendment, a plaintiff must demonstrate a reasonable expectation of privacy in the location of the alleged search. See, e.g., Georgia v. Randolph, 547 U.S. 103, 130, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). "[A] Fourth Amendment search does not occur . . . unless the individual manifested a subjective expectation of privacy in the object of the challenged search, and society [is] willing to recognize that expectation as reasonable." Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) (citations omitted); see also Illinois v. Caballes, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) ("Official conduct that does not compromise any legitimate interest in privacy is not a search subject to the Fourth Amendment."). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection . . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." Katz v. United States, 389 U.S. 347, 351-52, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (citations omitted).

Plaintiffs allege that "[w]hen the MRI Trailer was parked on Mirschel Street, [the Village Defendants] lacked probable cause to impound the MRI trailer." (Compl., at ¶ 35.) Although parked on a public street, Plaintiffs undoubtedly had an expectation of privacy in the MRI Trailer. See Arizona v. Gant, 129 S.Ct. 1710, 1720, 173 L.Ed.2d 485 (2009) ("Although we have recognized that a motorist's privacy interest in his vehicle is less substantial than in his home, the former interest is nevertheless important and deserving of constitutional protection.") (internal citations omitted). See also United States v. Gagnon, 230 F.Supp.2d 260, 267 n.6 (N.D.N.Y. 2002) (noting that "[t]here is no dispute that [defendant] had an expectation of privacy in his tractor trailer and the contents therein"). Moreover, although the Village Defendants rely upon the VTL in support of their motion to dismiss, Plaintiffs allege that the MRI Trailer was not

parked on Mirschel Street for the requisite amount of time to be deemed abandoned pursuant to the VTL, and as such, it would not be removed from the protection of the fourth amendment. (Compl., at ¶¶ 17-26.) See also U.S. v. Lee, 916 F.2d 814, 818 (2d Cir. 1990) (noting that "[t]he fourth amendment's protections . . . do not extend to abandoned property"). Therefore, Plaintiffs have stated a Fourth Amendment claim for which relief can be granted, and this prong of the Village Defendants' motion for judgment on the pleadings is denied.

2. Fourteenth Amendment

(a) Procedural Due Process

Plaintiffs allege that "by disposing of the MRI Trailer and its contents without the requisite notice and waiting period, [the Village Defendants] deprived Plaintiffs of their right to a pre-deprivation hearing as required under the 14th Amendment to the United States Constitution, despite the complete lack of emergency." (Compl., at ¶ 71.) "To prevail on [a procedural due process] claim, the plaintiff must show" that: (1) "[the plaintiff] possessed a protected liberty or property interest;"and (2) "[the plaintiff] was deprived of that interest without due process." McMenemy v. City of Rochester, 241 F.3d 279, 285-86 (2d Cir. 2001) (citation and quotation omitted). "Due process requires only that a hearing be held at a meaningful time and in a meaningful manner," and [w]here a pre-deprivation hearing is impractical and a post-deprivation hearing is meaningful, the State satisfies its constitutional obligations by providing the latter." Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984).

"For notice to be sufficient, it must (i) be "reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," (ii) "convey the required information," (iii) "afford a reasonable time for those interested to make their appearance." Brancato, 244 F.Supp.2d at 242 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

State law defines the contours of constitutionally protected property interests. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Pursuant to New York law, Plaintiffs possessed a property interest in the MRI Trailer and the medical equipment inside. See Calhoun v. Town Bd. of Town of Saugerties, 406 N.Y.S.2d 661, 664 (Sup. Ct. Ulster Co., 1978) (discussing plaintiff's property interest in a trailer); Cedar Rapids Engineering Co. v. Haenelt, 39 A.D.2d 275, 333 N.Y.S.2d 953, 956 (N.Y. 1972) (noting that "the deprivation of the tools and equipment whereby a party earns his livelihood is the deprivation of an important property interest"). Moreover, Plaintiffs have alleged that they did not receive notice that the Village Defendants were taking custody and control of the MRI Trailer. (Compl., at ¶ 71.) Although the Village Defendants contend that they properly impounded the MRI Trailer and immediately sold it for scrap pursuant to VTL § 1224, (see Village Mem., at 6), Plaintiffs allege that the MRI Trailer was legally parked with a license plate. (Compl., at 15-17). Construing Plaintiffs' factual allegations as true, this would indicate that the Village Defendants did not properly follow the requirements of the VTL, and therefore, Plaintiffs have stated a claim for deprivation of procedural due process, and thus, this prong of the Village Defendants' motion for judgment on the pleadings is denied.

(b) Substantive Due Process

Plaintiffs allege that "by disposing of the MRI Trailer and its contents without the requisite notice and waiting period, [the Village Defendants] acted in an arbitrary, capricious, and irrational manner," thereby violating Plaintiffs' substantive due process rights. (Compl., at ¶ 77.) "It is well settled that, where 'the alleged right . . . cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental,' notions of substantive due process will not apply." Local 342 v. Town Bd. of Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting Reno v. Flores, 507 U.S. 292, 303, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)). "Substantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" Id. (quoting Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937)). In order to establish a substantive due process violation, a plaintiff must demonstrate that: (1) the plaintiff had a "valid property interest;" and (2) "defendants infringed on that property right in an arbitrary or irrational manner." Cine SK8 v. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007) (citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001)); see also Ferran v. Town of Nassau, 471 F.3d 363, 369-70 (2d Cir. 2006) (stating that "[t]o establish a substantive due process violation, the [plaintiffs] must show that the [defendant's] alleged acts against their land were 'arbitrary,' 'conscience-shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised'") (quoting Lowrance v. C.O. S. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)). "[C]onduct that would rise to this standard included a 'planning dispute . . . tainted with . . . racial animus' or 'fundamental procedural irregularity.'" Cine SK8, Inc., 507 F.3d at 785 (quoting Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999)).

The Village Defendants contend that Plaintiffs cannot properly assert their due process

claims "where the Village Defendants duly complied with all of the applicable provisions of New York Law." (Reply Memorandum of Law in Further Support of the Village Defendants' Motion to Dismiss ("Village Reply"), at 3.) Although this Court cannot make that determination at this time due to Plaintiffs' allegations that the MRI Trailer was legally parked (see Compl., at ¶ 15), Plaintiffs' substantive due process claim nevertheless fails. At most, Plaintiffs allege that the Village Defendants misapplied the VTL, not that they acted arbitrarily or in a manner which would shock the conscience. See Christian v. Town of Riga, 649 F.Supp.2d 84, 98 (W.D.N.Y. 2009) (noting that "Plaintiff's allegations of a due process violation appear to be based on his claim that various provisions of the Town Code were misapplied to his specific application rather than allegations of actions that are arbitrary in a constitutional sense"); Rutherford v. Katonah-Lewisboro School Dist., 670 F.Supp.2d 230, 237 (S.D.N.Y. 2009) (Holding that "[a]s a matter of law, none of what can be reasonably inferred from the allegations in the complaint is outrageously arbitrary or conscience-shocking so as to be actionable as a violation of substantive due process"). Therefore, the Village Defendants' motion for judgment on the pleadings as to Plaintiffs' substantive due process claim is granted.

### 3. Monell Claims Against the Village

A municipality or municipal entity cannot be held liable under § 1983 on a respondeat superior theory. See Monell, 436 U.S. at 691; Linder v. City of New York, 263 F. Supp. 2d 585, 591 (E.D.N.Y. 2003). Instead, a municipal entity may only be held liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] . . . [or] governmental 'custom'

even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018. The plaintiff must show a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y.1996); see also Davis v. Lynbrook Police Dept., 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002).

Plaintiffs allege that the Village "failed to adequately provide for training of its police officers in the laws of the State of New York, and more specifically the laws of seizure and disposition of the property of others" and "failed to adequately supervise its police officers and insure that they understood the laws of the State of New York, and more specifically the laws of seizure and disposition of the property of others." (Compl., at ¶¶ 82-83.) Plaintiffs further allege that the Village has "illegally failed to implement a policy, practice or procedure to insure compliance with the abandoned and lost property rules of the State of New York" and has "an illegal policy, practice, or procedure of ignoring their employees' failure to comply with the abandoned and lost property rules of the State of New York." (Compl., at ¶¶ 93-94.) As with

Plaintiffs' other Section 1983 claims, the Village contends that Plaintiffs cannot bring their Monell claims "where the Village Defendants duly complied with all of the applicable provisions of New York Law." (Village Reply, at 3). However, as noted above, this Court is required to accept Plaintiffs' allegation that the MRI Trailer was legally parked on Mirschel Street as true, see Goldstein v. Pataki, 516 F.3d at 56, which would indicate that the VTL did not yet apply. Moreover, as Plaintiffs have stated Section 1983 claims premised upon violations of both the Fourth and Fourteenth Amendments, see supra §§ III.1.A and III.1.B, and have alleged a connection between those violations and the Village's allegedly illegal policies and failure to supervise its employees, Plaintiffs have stated a cause of action of municipal liability pursuant to Monell. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (noting that Monell "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation"). Therefore, this prong of the Village Defendants' motion for judgment on the pleadings is denied.

B. Conversion

Plaintiffs allege conversion of the MRI Trailer and its contents by both the Village Defendants and the Service Scrap Defendants (Compl., at ¶¶ 39-45.) "According to New York law, '[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006) (quoting Vigilant Ins. Co. of Am. v. Hous. Auth. of El Paso, 87 N.Y.2d 36, 637 N.Y.S.2d 342, 660 N.E.2d 1121, 1126 (N.Y. 1995) (internal quotation marks omitted)). In order to establish a cause of action for conversion, a plaintiff must

allege "legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights." Ahles v. Aztec Enterprises, Inc., 502 N.Y.S.2d 821, 903 (N.Y. App. Div. 1986). Moreover, "a plaintiff generally must make a demand for the return of the allegedly converted property and the alleged wrongful possessor must refuse (the requirements of "demand" and "refusal"), unless the plaintiff can show that the defendant knew that it wrongfully possessed the property." Frink America, Inc. v. Champion Road Machinery Ltd., 43 Fed. Appx. 456, 459 (2d Cir. 2006).

1. Village Defendants

Plaintiffs allege that they "maintained a possessory interest in the MRI Trailer and its contents," and "never gave permission to [the Village Defendants] "to impound, seize, or otherwise take possession of the MRI Trailer." (Compl., at ¶¶ 40-44.) Plaintiffs further allege that the Village Defendants "assumed control of the MRI Trailer" and "interfered with the Plaintiffs possessory rights in the MRI Trailer." (Compl., at ¶¶ 40-44.) Although the Village Defendants contend that they were authorized by the VTL to seize the MRI Trailer, this Court is required to accept Plaintiffs' factual statements as true for the purposes of this motion. See Goldstein v. Pataki, 516 F.3d at 56. As Plaintiffs have alleged that the MRI Trailer was legally parked on December 3, 2006, and seized less than forty-eight (48) hours later, the Defendants cannot assert that they complied with of the VTL. See VTL § 1224 (stating that a "motor vehicle shall be deemed to be an abandoned vehicle if left unattended . . . for more than forty-eight hours, after the parking of such vehicle shall have become illegal"). Therefore, Plaintiffs have stated a cause of action for conversion, and this prong of the Village Defendants' motion for judgment on

the pleadings is denied.

2. Service Scrap Defendants

Plaintiffs allege that they "maintained a possessory right in the MRI Trailer," "never gave permission to [the Service Scrap Defendants] to take possession" of the MRI Trailer, or "dismantle, disassemble, or otherwise destroy" the MRI Trailer, and in "dismantling, dissembling and otherwise destroying the MRI Trailer and its contents, [the Service Scrap Defendants] interfered with Plaintiffs [sic] possessory rights in the MRI Trailer and its contents." (Compl., at ¶¶ 40-44, 47-51, 54-58.) However, Plaintiffs never allege that the Service Scrap Defendants wrongfully obtained the MRI Trailer. Instead, they note that the Village "sold the trailer for scrap to a junkyard believed to be [the Service Scrap Defendants]." (Compl., ¶¶ at 22-24.) Pursuant to New York law, "where the original possession is lawful, conversion does not occur until after a demand and refusal to return the property." Kermanshah v. Kermanshah, 580 F.Supp.2d 247, 263 (S.D.N.Y. 2008) (citing D'Amico v. First Union Nat'l Bank, 728 N.Y.S.2d, 146, 151 (N.Y. App. Div. 2001). See also Regions Bank v. Wieder & Mastroianni, P.C., 526 F.Supp.2d 411, 416 (S.D.N.Y. 2007) (noting that "one who comes into possession of property lawfully and then disposes of it will not be liable for conversion unless that disposal was in some way wrongful") (citing MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92, 101 (1908)). As Plaintiffs do not allege that the Service Scrap Defendants either obtained or disposed of the MRI Trailer and its contents unlawfully, or that they demanded the MRI Trailer's return, they fail to state a claim for conversion, and the Service Scrap Defendants' motion for

judgment on the pleadings is granted.[2]

IV. Conclusion

For the foregoing reasons, the Village Defendants' motion for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted in part and denied in part, and the Service Scrap Defendants' motion for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN, U.S.D.J.

Dated: Central Islip, New York
May 5, 2010

---

[2] As this Court has granted the Service Scrap Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, it is unnecessary to analyze the Service Scrap Defendants' claims pursuant to Rule 21 of the Federal Rules of Civil Procedure.