UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN BROWNSTEIN & BRUNSWICK
IMAGING CORP.,

                        Plaintiffs,

                    **ORDER**
        -against-                      CV 08-4878 (SJF)(ARL)

"JOHN" WALSH, et al.,

                        Defendants.

-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' letter application dated December 9, 2010, seeking to compel the defendants to produce an additional 30(b)(6) witness and to respond to their document demands. The defendants oppose the application by letter dated December 13, 2010. For the reasons set forth below, the plaintiffs' request is granted, in part.

      By way of background, the plaintiffs commenced this action two years ago seeking damages for the Village of Hempstead's alleged illegal seizure and sale as scrap of the plaintiffs' trailer containing an MRI machine and a laser camera, which the plaintiffs claim had a collective value of approximately $519,000. The defendants contend that the plaintiffs vehicle had been abandoned for six months prior to its impoundment and was not insured by the plaintiffs. On December 9, 2009, the undersigned issued a scheduling order establishing June 10, 2010, as the deadline for all discovery. On June 30, 2010, twenty days after the deadline had expired, counsel for the defendants sought an extension of time to complete discovery nunc pro tunc due to his hospitalization and eight week leave from the office. The plaintiffs responded to the request joining in the application and indicating that the plaintiff was having difficulty gathering material together to respond to the defendants' requests. Given the circumstances, the court extended the deadline and adjourned the final conference to November 4, 2010. The court warned the parties that no further adjournments would be granted.

      Despite the extension, the parties advised the court, at the final conference, that very little, if any, discovery had actually been conducted. In fact, neither party had even conducted depositions. Preferring to have the case decided on the merits, the court gave the parties a very restrictive extension to complete discovery. Specifically, the court permitted the parties until November 18, 2010 to respond to all outstanding and timely served discovery demands and indicated that each party could depose one witness. Shortly thereafter, the plaintiffs sought an additional two weeks to conduct the depositions indicating that scheduling had been complicated by defense counsel's involvement in an election law proceeding. Although defense counsel denied that claim indicating that it was plaintiffs' counsel's failure to confirm the deposition dates, not his schedule, that delayed the taking of depositions, the court again granted the

application for an additional two weeks to complete discovery.

Now, on the eve of the final deadline, plaintiffs' counsel seeks to compel additional responses to his documents demands and an additional 30(b)(6) witness claiming that the witness provided by the defendants did not know all of the answers to his questions. The defendants contend that they have responded to all outstanding discovery as ordered by the court and that their 30(b)(6) witness was fully familiar with Village's policies and procedures at issue. The defendants further argue that the Village does not sell or appraise the vehicles and that the plaintiff's attempt to obtain additional information on this subject through an additional 30(b)(6) witness is an attempt to bypass the court's order prohibiting the parties from engaging in new discovery.

As an initial matter the court notes that counsel have not met and conferred, as they were required to do, in an attempt to resolve the issues raised in plaintiff's most recent application. Nonetheless, after reviewing plaintiff's document demands, this court sustains the defendants' objections to requests numbered 2, 4, 20 and 21 on the basis of relevance. The defendants are directed to produce any documents responsive to requests numbered 3, 10-18, and 24. Finally, with respect to requests 8 and 9, if oral complaints were reduced to a writing, the defendants are directed to produce the writings. Responsive documents must be provided on or before December 31, 2010. This court is unable to rule on plaintiff's request for a supplemental 30(b)(6) witness in the absence of a deposition transcript. Plaintiff is, therefore, directed to submit the transcript and to outline any deficiencies on or before December 29, 2010. The parties are again warned that this court will not grant any further extensions of discovery. A joint pre-trial order must be filed by January 17, 2011. If a party wishes to pursue a dispositive motion the first step in the process must be undertaken by January 10, 2011.

Dated:  Central Islip, New York  **SO ORDERED:**
       December 14, 2008

                                                               _____/s/_____
                                                               ARLENE R. LINDSAY
                                                               United States Magistrate Judge